**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **JASWINDER KAUR,** | * |
| Appellant, | * |
| v. | Case No.: PWG-17-7 |
| | * |
| **NANCY SPENCER GRIGSBY,** | |
| | * |
| Appellee. | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Debtor Jaswinder Kaur appeals from an Order of the United States Bankruptcy Court for the District of Maryland dismissing her case without a hearing. Because the Bankruptcy Court dismissed Kaur's case after she failed to meet a filing deadline that the court had extended at her request, and after the court warned her that failure to meet the deadline could result in dismissal without a hearing, I conclude that the dismissal was proper, and I affirm.

**Background**

Kaur filed a Voluntary Chapter 13 Bankruptcy Petition on November 22, 2016. Appellant's Br. 2, ECF No. 9; Appellee's Br. 3, ECF No. 12. The United States Bankruptcy Court for the District of Maryland set a deadline of December 6, 2016 for Kaur to file "Schedules A/B-J, Chapter 13 Plan & Certificate of Service, Declaration of Schedules, Chapter 13 Income Form 122C-1, Statement of Financial Affairs, and Summary of Assets and Liabilities," and notified Kaur that if she missed the deadline, "the case would be dismissed without a hearing." Appellee's Br. 4. Kaur timely filed only Schedules A/B-J and the Declaration of Schedules. *Id.* She also moved for an extension of the filing deadline, and the Bankruptcy Court granted her request, extending the deadline to December 20, 2016, which was

the deadline she requested. *Id.*; Appellant's Br. 2. Once again, the Bankruptcy Court cautioned that missing the deadline could result in the dismissal of the case. Appellee's Br. 4. Despite the extension, "[t]he debtor missed the filings deadline." Appellant's Br. 2; *see* Appellee's Br. 4. On December 21, 2016, the Bankruptcy Court issued an Order Dismissing the Bankruptcy Case for Failure to Complete Required Filings. Order, ECF No. 4-20; Appellant's Br. 2; Appellee's Br. 3, 4. The Bankruptcy Court stated that it dismissed the case pursuant to 11 U.S.C. §§ 105(a) and 1307(c).

It is from that Order that Kaur appeals, arguing that she "never had a day in court." Appellant's Br. 2; *see* Appellant's Reply 1, ECF No. 13. She views this as error, arguing that she "did not file the Bankruptcy case in bad faith," but she does not cite any case law that supports her position. Appellant's Br. 3–4.

## **Standard of Review**

"The proper interpretation of the bankruptcy code is a question of federal law." *Butler v. David Shaw, Inc.*, 72 F.3d 437, 441 (4th Cir. 1996) (citing *Barnhill v. Johnson*, 503 U.S. 393, 397-98 (1992)). Therefore, I will review the Bankruptcy Court's decision *de novo*. *See id.* Notably, "the decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Bellinger v. Buckley*, No. JKB-17-0068, 2017 WL 3722827, at *2 (D. Md. Aug. 29, 2017) (quoting *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943))). This means that "this Court may 'affirm the bankruptcy court on any ground supported by the record.'" *Id.* (quoting *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 F. App'x 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016)).

**Discussion**

11 U.S.C. § 105 provides that the court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "'Any action' includes dismissal." *Mustafa v. Branigan*, No. PJM 16-3828, 2017 WL 2634153, at *2 (D. Md. June 16, 2017) (citing *In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996)).

In *Kestell*, the Fourth Circuit observed that § 105 is "an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case," and that its "basic purpose . . . is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 99 F.3d at 148 (quoting 2 L. King, *Collier on Bankruptcy* § 105.01, at 105-3 (1996)). The *Kestell* Court explicitly stated that § 105 "grants judges the authority to dismiss a bankruptcy petition sua sponte for ineligibility, for lack of good faith, or for one of the 'causes' enumerated in section 1112." *Id.* at 149. The court did not, however, limit the Bankruptcy Court's authority to dismiss pursuant to § 105 to these circumstances alone. *See generally id.*

Moreover, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.,* 370 U.S. 626, 630–631 (1962). And, "[t]hat authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991). Indeed, for more than two centuries, it has been established that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution . . . . because they are necessary to the exercise of all

others" and they enable courts "to preserve [their] own existence and promote the end and object of [their] creation." *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 33–34 (1812); *see Chambers*, 501 U.S. at 43 (quoting *Hudson*, 11 U.S. (7 Cranch) at 34); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (same), *superseded on other grounds by statute as stated in Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1357 n.7 (10th Cir. 1985). "This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). Thus, "[d]ue to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Id.* at 461; *see also Chambers*, 501 U.S. at 43 (holding that trial courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates").

Therefore, federal courts have the "inherent power to control the judicial process and litigation, a power that is necessary to redress conduct which abuses the judicial process." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009) (quoting *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 263–64 (2007) (quoting *Chambers*, 501 U.S. at 45–46)) (internal quotation marks omitted); *see also Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 517–18 (D. Md. 2010); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003). The court's inherent authority to sanction arises when a party "abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer Equip. Co.*, 11 F.3d at 462. Courts may dismiss actions pursuant to this authority. *Id.* at 461–62.

Here, Kaur requested an extension of her filing deadline, and the Bankruptcy Court granted the full extension. She could have requested a longer period or a second extension, but she did not. In setting the original deadline and in granting the extension, the Bankruptcy Court cautioned Kaur in writing that failure to meet the filing deadline could result in dismissal without a hearing. Kaur's delay in her bankruptcy case, which she voluntarily filed, affects not only Kaur as the debtor but also any creditors, interested parties, the United States Trustee, and the Bankruptcy Court. It is an abuse of the process Kaur elected to pursue to request an extension and then fail to meet that extension without showing cause for the delay and timely seeking additional time. Kaur readily acknowledges her failure to make the required filings within the time she requested. She does not deny that she was cautioned by the Court twice, in writing, that a failure to comply could result in dismissal of her case. And, she offers no explanation why she did meet the extended deadline, or request another extension before the deadline expired. This neglect demonstrates a lack of regard for her own case and the Bankruptcy Court's orders. Under these circumstances, the Bankruptcy Court's decision to dismiss Kaur's case for failure to meet the filing deadline, despite having been granted an extension for the amount of time she sought, was proper. *See* 11 U.S.C. § 105(a); *Goodyear*, 137 S. Ct. at 1186; *Mustafa*, 2017 WL 2634153, at *2–3 (finding *sua sponte* dismissal "entirely appropriate" where the court did not provide notice or a hearing but it first warned the debtor that "she would have one 'final chance' to submit a Chapter 13 plan that conformed to the requirements of the Bankruptcy Code" and the debtor had a "pattern of late, deficient submissions and missed meetings"). Because "the result is correct," I affirm. *See Bellinger*, 2017 WL 3722827, at *2.

## **ORDER**

Accordingly, it is, this 13th day of September, 2017 hereby ORDERED that the Bankruptcy Court's Order (ECF No. 4-20) dismissing Kaur's bankruptcy case IS AFFIRMED; and the Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge